Salvatore **BILLECI**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16992.

United States Court of Appeals
Ninth Circuit.

May 12, 1961.

---

Richard D. Sanders, Pittsburg, Cal., for appellant.

Laurence E. Dayton, U. S. Atty., and John Kaplan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before POPE and HAMLIN, Circuit Judges, and LINDBERG, District Judge.

LINDBERG, District Judge.

On January 27, 1960 an indictment was returned against appellant charg-

ing him under Title 21, section 174 of the United States Code Annotated with the concealment of heroin which had been imported into the United States contrary to law. A jury trial was held and a verdict of guilty returned. Judgment was entered against appellant and sentence imposed on April 28, 1960 and a timely notice of appeal was filed.

Appellant urges two grounds for reversal of his conviction. First, it is claimed that his arrest was illegal and thus any evidence taken from his person at that time was illegally seized and therefore inadmissible. Second, it is alleged that certain remarks or statements made by the trial judge during the course of the trial prevented appellant from having a fair trial. It is to be noted that during the trial and on this appeal appellant was represented by counsel of his own choice.

It is conceded that no motion to suppress the alleged illegally seized evidence, as required by Rule 41(e), Fed. Rules Crim.Proc., 18 U.S.C.A., was made before or during the trial nor was any objection raised by appellant when the evidence was admitted. Further, appellant made no objection or motion for a mistrial when the alleged prejudicial remarks or statements were made by the trial judge.

■ The failure to properly make a record of objections to the procedures in the trial court does not necessarily preclude an appellate court from considering a claim of error first raised on appeal in a criminal case. Rule 52(b) Fed.Rules Crim.Proc. In Smith v. United States, 9 Cir., 1949, 173 F.2d 181, 184, we said:

"The admitted normal rule is that an appellate court will not consider matters which are alleged as error for the first time on appeal, and this is true of criminal as well as civil cases. However, an exception exists in criminal cases where the alleged error would result in a manifest miscarriage of justice, or would 'seriously affect the fairness, integrity, or public reputation of judicial pro-

ceedings.' The appellate tribunal will examine the record sufficiently to determine whether such has occurred."

■ The application of Rule 52(b) is within the sound judicial discretion of the court. United States v. Jones, 7 Cir., 1953, 204 F.2d 745, certiorari denied, 1953, 346 U.S. 854, 74 S.Ct. 67, 98 L.Ed. 368.

■ Assuming *arguendo* that the evidence taken from the person of appellant was illegally seized and thus erroneously admitted, it is difficult to see how such an error seriously affected the "fairness, integrity, or public reputation of judicial proceedings." See United States v. Atkinson, 1936, 297 U.S. 157, 56 S.Ct. 391, 392, 80 L.Ed. 555. Evidence which is the product of an illegal seizure is not denied admission in a federal criminal proceeding because it is necessarily untrustworthy but rather it is excluded on the grounds of public policy to discourage overzealous law enforcement officers from resorting to police state tactics. Weeks v. United States, 1914, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652. The admission of such evidence could not affect the "fairness, integrity, or public reputation" of the proceedings below. Appellant's failure to proceed in accordance with Rule 41(e) prevents this court from now considering this claimed error.

■ The second alleged error concerning the remarks made by the trial judge during the course of the trial presents no serious difficulty. We do not construe them as objectionable. Read in context it is clear that the remarks or statements made conveyed no impression to the jury as to the trial judge's personal feelings as to appellant's guilt or innocence, nor did they involve any misstatement of the evidence such as was the case in Robertson v. United States, 1948, 84 U.S.App. D.C. 185, 171 F.2d 345, cited by appellant. In Bush v. United States, 9 Cir., 1959, 267 F.2d 483, where the statements of the trial judge were clearly inept and subject to criticism, this court stated on page 488:

"Merely because a statement is made or question asked by court or counsel in the heat of a spirited trial which subsequently in the cool ivory tower of appellate court chambers seems inappropriate, does not make the stating nor the asking prejudicial error."

After a careful review of the whole record we can find no prejudicial error resulting from any action of the court below.

Affirmed.