**Howard Gerald MINKIN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20918.**

United States Court of Appeals Ninth Circuit.

Aug. 11, 1967.

428

Rosendo v. United States, 9 Cir., 357 F.2d 124.

■ Appellant contends he was prejudiced by the trial court's refusal to exclude the witnesses from the courtroom. Ordinarily this is within the discretion of the trial judge. There might be a case where the failure would be prejudicial. But here the record does not show what witnesses were not excluded. So we are in no position to second-guess the trial judge on the point.

J. Perry Langford, Langford, Langford & Lane, San Diego, Cal., for appellant.

Edwin L. Miller, Jr., U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS, JOHNSEN and KOELSCH, Circuit Judges.

PER CURIAM:

The judgment of conviction is affirmed.

■ We find no constitutional objection to giving the United States Attorney an option as to what crime he will prosecute for a conviction where a given set of facts permits a choice.

■ Also, we reject the contention of appellant that there was ipso facto coerced testimony against him by the plea bargaining indulged in by the government with the other defendants who testified and were sentenced for lesser offenses. This still seems to be one tool left to a prosecutor. See Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166, and Diaz-