**Regino BARBA-REYES, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21576.**

United States Court of Appeals
Ninth Circuit.

Nov. 30, 1967.

Dempster, Jackson & Donovan, James
E. Jackson (argued), Cupertino, Cal.,
for appellant.

Edwin L. Miller, Jr., U. S. Atty., Phillip H. Johnson, Asst. U. S. Atty. (argued), San Diego, Cal., for appellee.

Before HAMLEY, JERTBERG and MERRILL, Circuit Judges.

JERTBERG, Circuit Judge:

Following trial to a jury appellant was convicted on a one count indictment charging that appellant, with intent to defraud the United States, knowingly concealed and facilitated the transportation and concealment of approximately ninety (90) pounds of marijuana which appellant then knew had been imported into the United States contrary to the provisions of 21 U.S.C. § 176a. He was committed to the custody of the Attorney General for a period of five years.

Appellant specifies as errors:

(1) That the district court erred: (a) in admitting into evidence marijuana found in the automobile which appellant was driving and in which he was the sole occupant, which marijuana was alleged to have been taken from the automobile in violation of his Fourth Amendment right to be free from unreasonable search and seizure, and (b) in its "conduct before the jury by assuming the role of prosecutor;" and

(2) That the evidence is insufficient to justify the conviction.

The record discloses that appellant, a citizen of the Republic of Mexico, while driving a 1955 Buick automobile in a northerly direction, was stopped at the Immigration and Customs checkpoint about eighteen miles north of Oceanside, California, on Highway 101, and some sixty to seventy miles north of the Mexican border. The stopping occurred at approximately 10:30 p. m., by a United States Immigration Officer who identified himself and directed appellant to drive off the roadway. The officer then requested appellant to unlock the trunk of the automobile, which appellant did. The trunk was empty. After the trunk was opened the officer detected an odor.

He did not immediately realize the nature of the odor, although he "had an idea but wasn't certain." As a result of the odor he examined inside of the back seat of the car and discovered the marijuana concealed under the back seat. Appellant was thereupon placed under arrest. The search and the arrest were accomplished without a search warrant or a warrant of arrest.

The testimony of the Officer was received in evidence at the trial without objection from appellant's counsel. No motion under Rule 41(e) Federal Rules of Criminal Procedure to suppress the use of the seized marijuana as evidence in the trial was made prior to the trial or during the trial. No motion for new trial was made before the district court and appellant's claim that the marijuana was seized in violation of his Fourth Amendment right is presented for the first time on this appeal.

There can be no question that the Officer was fully authorized to stop the vehicle which appellant was driving and to inspect the trunk of the automobile. 8 U.S.C. § 1357 provides in pertinent part that any officer or employee of the Immigration Service has the power, without warrant—

"(1) to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States; * * *;

"(3) within a reasonable distance from any external boundary of the United States to board and search for aliens * * * any * * * vehicle, * * *."

See Fernandez v. United States, 321 F. 2d 283 (9th Cir. 1963), in which case the same checkpoint was involved as is involved in the instant case. In *Fernandez* this court held that 8 U.S.C. § 1357 is clearly constitutional and that an administrative regulation promulgated under the statute [1] defining "reasonable distance" as a distance "not exceeding one hundred miles from any external bound-

1. Immigration Regulation 287.1, 1953 U.S. Code Congressional and Administrative News, pp. 2617–18.

ary" is neither arbitrary nor capricious in its application.

It was only after the car had been lawfully stopped and the trunk lawfully opened that the Immigration Inspector detected the odor which led to the discovery of the marijuana.

■ Assuming, arguendo, that the Immigration Officer's testimony is insufficient to justify the search of the car, and that the evidence was erroneously received, nevertheless, we need not review the claimed error because of appellant's failure to put in issue the admissibility of the now questioned evidence at any stage of the proceedings in the district court. See Billeci v. United States, 290 F.2d 628 (9th Cir. 1961); Ramirez v. United States, 294 F.2d 277 (9th Cir. 1961); Sanchez v. United States, 311 F.2d 327 (9th Cir. 1962).

An exception of the foregoing rule occurs in the event that the record discloses the existence of "plain errors or defects affecting substantial rights" contemplated by Rule 52(b) Federal Rules of Criminal Procedure. [See cases cited supra.]

■ The plain error asserted by appellant is that his counsel's failure to move to suppress the use of the marijuana as evidence, or to object to the testimony of the Immigration Officer deprived him of the effective assistance of counsel. Why appellant's counsel failed to move to suppress the evidence, or to object to the testimony, is not discernible from the record. It may have been for any one of several reasons including trial tactics or courtroom strategy since the sole defense offered at the trial was that appellant was completely unaware of the presence of the narcotics in the automobile. We decline to indulge in speculation in an effort to make plain that which is not discernible in the record.

■ We have carefully examined the transcript of the proceedings before the district court and agree with the remarks of the district judge that appellant's counsel "did a very good job with what he had to work with." A review of the record falls far short of supporting any claim that the ineffectiveness of appellant's counsel reduced the trial to a sham or farce, or that the claimed plain error seriously affected the "fairness, integrity or public reputation of judicial proceedings." United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936).

We find no plain error in the record and appellant's failure to object, or to proceed in accordance with Rule 41(e) Federal Rules of Criminal Procedure, precludes us from considering the claimed error.

■■ Appellant's attempt to predicate reversible error on his specification that the district court assumed the role of prosecutor is without merit. No objection to the conduct of the court in questioning a witness was made in the district court. The questions asked were pertinent to the issue of the trial. The mere fact that the witness questioned was a government witness does not make the judge a prosecutor. As stated in Simon v. United States, 123 F.2d 80, 83 (4th Cir. 1941):

> "It cannot be too often repeated, or too strongly emphasized, that the function of a federal trial judge is not that of an umpire or of a moderator at a town meeting. He sits to see that justice is done in the cases heard before him; and it is his duty to see that a case on trial is presented in such way as to be understood by the jury, as well as by himself. He should not hesitate to ask questions for the purpose of developing the facts; and it is no ground of complaint that the facts so developed may hurt or help one side or the other."

■ Appellant's contention that the evidence was insufficient to sustain the conviction is based solely on appellant's defense that he did not knowingly conceal and transport the marijuana with knowledge that the same had been imported into the United States contrary to law since he was unaware of the presence of the marijuana concealed under the

back seat of the automobile. The jury was not compelled to adopt appellant's defense. There is abundant testimony in the record, including contradictory statements of the appellant, and an admission by appellant, and many circumstances from which the jury could infer to a moral certainty and beyond all reasonable doubt that he was fully aware of the presence of the contraband, and that he was engaged in the illicit concealment and transportation of the same.

The judgment of conviction is affirmed.