**Manuel ESTRADA, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 22144.

United States Court of Appeals
Ninth Circuit.

March 22, 1968.

Ralph K. Johnson (argued), Tacoma, Wash., for the appellant.

John S. Obenour (argued), Asst. U. S. Atty., Eugene G. Cushing, U. S. Atty., Tacoma, Wash., for the appellee.

Before BARNES, HAMLIN and CARTER, Circuit Judges.

PER CURIAM:

Manuel Estrada, appellant herein, was convicted after a jury trial of a charge in an indictment filed in the United States District Court for the Western District of Washington, Southern Division, that he violated 18 U.S.C. §§ 2, 111, 1114, in that while he was a prisoner at the United States Penitentiary at McNeil Island he did "willfully, knowingly and forcibly assault" a certain prison officer while such officer was in the performance of his official duties at the penitentiary. A timely appeal was taken to this court which has jurisdiction under 28 U.S.C. § 1291.

The evidence established that a dispute arose between appellant and one of the supervisory personnel of the penitentiary while appellant was in a food line in the prison cafeteria. Various members of the prison staff testified as to what occurred, as did various prisoners who were present at the time. The testimony given by these two sets of witnesses as to what occurred varied widely. The jury apparently agreed with the version of the prison personnel in that they found the appellant guilty of assault, although they did not also find him guilty of assault with a dangerous weapon.

The sole error relied upon in this appeal is that the trial court "by its harsh and biased treatment of the witnesses for the defense (inmates) in contrast with the gracious treatment accorded the witness for the prosecution" prejudiced appellant's defense and denied him a fair trial. Appellant admits that many of the interruptions by the court were of help in clarifying the issues and had no prejudicial effect upon him, and that "not one of the questions propounded by the court standing alone could be said to be so prejudicial to the rights of the appellant as to require reversal of the conviction." The appellant also agrees that the court was extremely polite to him.

 Appellant points to various places in the record where the district judge either asked questions of the witnesses or made certain comments. We have examined all of such instances, and find that appellant's claim is entirely without merit. The record does not indicate that the trial judge said or did anything which might in any way be regarded as prejudicial to the appellant. It may also be pointed out that at no time did trial counsel make any objection or claim that the judge's conduct was prejudicial or improper. As stated in Simon v. United States, 123 F.2d 80 (4th Cir. 1941) and approved in Barba-Reyes v. United States, 387 F.2d 91, 93 (9th Cir. 1967),

"It cannot be too often repeated, or too strongly emphasized, that the function of a federal trial judge is not that of an umpire or of a moderator at a town meeting. He sits to see that justice is done in the cases heard before him; and it is his duty to see that a case on trial is presented in such way as to be understood by the jury, as well as by himself. He should not hesitate to ask questions for the purpose of developing the facts; and it is no ground of complaint that the facts so developed may hurt or help one side or the other."

An examination of the record shows that the district judge at all times conducted himself fairly and impartially, and at no time did anything which was improper. The appellant was fairly tried and there was ample evidence to justify his conviction.

Judgment affirmed.