Charles A. DARDEN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 22765.

United States Court of Appeals Ninth Circuit.

Jan. 6, 1969.

---

Wm. S. Hochman (argued) San Francisco, Cal., for appellant.

Phillip Johnson (argued) Asst. U. S. Atty., Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and BYRNE, District Judge*

BYRNE, District Judge:

A Federal Grand Jury charged appellant in a two count indictment with aiding and abetting the unlawful smuggling and transportation of heroin in violation of Title 21, United States Code, section 174. The first count charged that one Sadie Mae Roberts knowingly imported and brought approximately two ounces of heroin into the United States from Mexico and that appellant knowingly aided, abetted, counseled, induced and procured commission of this offense. The second count charged that Sadie Roberts knowingly concealed and facilitated the transportation and concealment of approximately two ounces of heroin which she knew to have been imported and that appellant aided and abetted the commission of this offense. A jury trial was held and appellant was found guilty on both counts.

Appellant urges two grounds for reversal. First, he claims that the district court erred in admitting into evidence heroin seized from Sadie Roberts. Appellant asserts that this evidence was obtained as the result of an illegal search and seizure. Second, appellant claims that the district court erred in admitting Sadie Roberts' testimony implicating him on the ground that her testimony was the product of influence and coercion.

■ There was no motion to suppress the alleged illegally seized heroin before or at the trial as required by Rule 41(e), Federal Rules of Criminal Procedure. Trial counsel confined his objections to the testimony of Sadie Roberts, and never did raise an objection to the admission into evidence of the heroin. The failure to object to the admission of evidence at or before trial precludes review on the question of admissibility. Billeci v. United States, 290 F.2d 628 (9th Cir. 1961); Barba-Reyes v. United States, 387 F.2d 91, 93 (9th Cir. 1967).

■ In both *Billeci* and *Barba-Reyes*, the court considered a possible exception to the above rule. Rule 52(b) provides that "plain errors or defects affecting substantial rights" may be noticed by the court although no objection was made. In *Billeci*, the court held that assuming the evidence was illegally seized, its admission did not affect the "fairness, integrity, or public reputation", citing United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936), of the proceedings and thus Rule 52(b) was inapplicable. Such evidence is excluded not because it is untrustworthy, but to discourage illegal actions of law enforcement officers. In *Barba-Reyes*, the court found that trial counsel's failure to object did not deprive the defendant of effective assistance of counsel where the record did not reveal that the

* Hon. WILLIAM M. BYRNE, Senior United States District Judge, Los Angeles, California, sitting by designation.

claimed ineffectiveness affected the fairness of the trial. In the instant case, after examining the record, we do not find trial counsel so ineffective as to affect the fairness of the trial. The defense might have thought it wise not to object to this evidence for reasons of trial tactics, as the defense at trial was that Sadie Roberts was pressured into falsely implicating the appellant. Thus, Rule 52(b) is inapplicable and appellant's failure to proceed in accord with Rule 41(e) precludes discussion of the merits of this alleged error.

The second alleged error concerns Sadie Roberts' testimony that appellant obtained the heroin in Mexico and gave it to her to conceal while crossing the border. Appellant contends that this testimony was the product of influence and coercion. Although there was no promise, Miss Roberts could have reasonably believed that she would receive lenient treatment if she testified against appellant. Usually the United States Attorney's Office follows a policy of prosecuting a defendant for violation of the tax law, 26 U.S.C.A. § 7237(a), rather than the narcotics law, 18 U.S.C.A. § 174, when the defendant has transported narcotics for his own use, and not for the purpose of sale. A section 174 conviction carries a minimum five year sentence with no suspension of sentence or probation possible, while a section 7237(a) conviction carries only a two year minimum sentence with the possibilities of suspension of sentence or probation left open. Both Miss Roberts and her attorney were aware of this policy, and the consequent advantage to Miss Roberts to testify that her involvement was limited to her own use of the heroin.

It is well established that a conviction in federal court may be based on the uncorroborated testimony of an accomplice, if the testimony is not "incredible or unsubstantial on its face". Haakinson v. United States, 238 F.2d 775, 779 (8th Cir. 1956); Lyda v. United States, 321 F.2d 788, 794 (9th Cir. 1963); Moody v. United States, 376 F.2d 525, 528 (9th Cir. 1967). This is true even where the accomplice hopes to receive lenient treatment. Minkin v. United States, 383 F.2d 427, 428 (9th Cir. 1967); Diaz-Rosendo v. United States, 357 F.2d 124, 130 (9th Cir. 1966); United States v. Marchese, 341 F.2d 782, 799 (9th Cir. 1965). In *Minkin*, supra, the court held that plea bargaining of the government and the other defendants did not of itself amount to coerced testimony against the defendant. In the present case, there was not even a promise or an agreement to allow Sadie Roberts to plead guilty to the tax count. There is only Miss Roberts' reliance on the past policy of the United States Attorney's Office. The fact of a bargain, or of the hope or expectation of leniency affects only the weight of the testimony, not its admissibility. *Diaz-Rosendo*, supra. Considering the limited scope of appellate review, we cannot say that Sadie Roberts' testimony was incredible or unsubstantial on its face. The trial judge gave appropriate instructions informing the jury to consider Miss Roberts' testimony with caution and great care, and to consider that she may have testified against appellant in order to receive a benefit to herself. The jury decided adversely to appellant under proper instructions. Moreover, there are factors which tend to corroborate Roberts' story. The records of a car rental agency showed that appellant rented a car once a week for at least seven weeks and each time drove approximately the round-trip distance from the agency to downtown Tijuana. This is consistent with Sadie Roberts' story that she and appellant would drive down to San Diego from Los Angeles and then rent a car in San Diego in which to travel to Tijuana where appellant picked up the heroin.

The judgment of conviction is affirmed.

ELY, Circuit Judge (concurring):

I agree that the judgment of conviction should be affirmed. The accusing testimony of the accomplice was amply corroborated by other evidence.