Roosevelt MONTGOMERY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22461.

United States Court of Appeals
Ninth Circuit.

Feb. 28, 1969.

Luke McKissack, Hollywood, Cal., for appellant.

Wm. M. Byrne, Jr., U. S. Atty., Anthony M. Glassman, Robert L. Brosio, Wm. J. Tomlinson, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MERRILL, ELY and CARTER, Circuit Judges.

PER CURIAM:

Appellant takes this appeal from judgment of conviction of receiving, concealing, selling and facilitating the concealment, transportation and sale of heroin in violation of 21 U.S.C. § 174.

■ During trial a narcotics agent testified to an oral confession given by appellant. Appellant contends that his confession was inadmissible under rules laid down in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This contention is not properly before us. No objection was made to the admission of the testimony on this

ground,[1] nor can it be said that its admission was plain error.[2]

■ Appellant complains that he was convicted on the uncorroborated testimony of an informer. He is in error; there was corroboration. Even were there not, the present rule of our court is that the uncorroborated testimony of an accomplice, if believed by the jury, will suffice. Audett v. United States, 265 F.2d 837 (9th Cir. 1959); Darden v. United States, 405 F.2d 1054 (9th Cir. 1969).

■ Appellant complains that he received a more severe sentence than did his accomplice, who pleaded guilty, and that his heavier sentence was imposed solely because he asserted his right to trial. We find no support in the record for this conclusion nor for any contention of discriminatory sentencing.[3]

■ Appellant contends that 21 U.S.C. § 174 is unconstitutional under the holding of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968). We disagree. Section 174 involves no registration or licensing procedures and does not require a person to incriminate himself.

We find no merit in appellant's remaining assignments of error.

Affirmed.

---

1. Prior to the government agent's testifying as to the confession, counsel for appellant requested and was granted the right to question the witness on *voir dire* and did briefly inquire with reference to the *Miranda* requirements. When, in renewing his direct examination, the witness was then asked to relate his conversation with appellant, counsel objected "On the ground that I think we should have an offer of proof on the grounds that the total statement may be hearsay. There may be certain admissions but the total statement may very well be hearsay." There was no objection made on the ground that *Miranda* rendered the confession inadmissible. When, on cross-examination of the witness, further light was cast on the *Miranda* aspect no motion to strike was made.

2. Appellant, relying on People v. Fioritto, 68 Cal.2d 714, 68 Cal.Rptr. 817, 441 P.2d 625 (1968), contends that his refusal to sign a written waiver should have barred further interrogation under *Miranda*. However, it is not clear from the record that appellant's refusal was directed to a waiver of his Fifth Amendment rights or to a simple written acknowledgment of his understanding of them. According to the testimony of the agent appellant was orally advised of his rights as enunciated in *Miranda*. He was asked if he understood his rights. He stated that he did. He was asked to read a written statement of his rights. He was then asked if he wished to sign the written statement for the purpose of indicating his understanding. "He said that he understood his rights but he did not wish to sign any forms whatever." Further, the testimony of the government agent, while far from clear, suggests that the confession was not the product of interrogation but was voluntarily initiated by the appellant. Had the problem now presented been raised at trial by a proper objection, these ambiguities could well have been resolved.

3. The judge took appellant's presentence report into consideration. At the close of trial he indicated that what he regarded as appellant's perjury would also be taken into consideration.