**UNITED STATES of America,**
**Appellee,**

v.

**Lee Travis ANDREWS, Appellant.**

**No. 71–2187.**

United States Court of Appeals,
Ninth Circuit.

Feb. 29, 1972.

---

6. Annual Report of the Director (1971), Administrative Office of the United States Courts, II–28.

7. Id. at II–107.

It is well settled in our Circuit that a conviction may properly rest on the uncorroborated testimony of an accomplice, if the testimony is not incredible or unsubstantial on its face. *See, e. g.,* Darden v. United States, 405 F.2d 1054 (9th Cir. 1969).[1] Even were the rule to the contrary, our conclusion would not be altered. It was proved that Andrews made certain admissions, and these admissions were amply corroborative of the testimony of the accomplice.

Affirmed.

Philip Mirecki, Los Angeles, Cal., for appellant.

William D. Keller, U. S. Atty., Eric A. Nobles, Chief, Crim. Div., David H. Anderson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, HAMLEY and ELY, Circuit Judges.

PER CURIAM:

Andrews appeals his conviction for having stolen certain produce being transported in interstate commerce (18 U.S.C. § 659).

It is here maintained that the prosecution's evidence was insufficient to support the conviction. Andrews was incriminated by the testimony of an accomplice, but he argues that his conviction should be vacated because this accusing testimony was not corroborated.

1. Judge Ely notes, as he has done before, his hope that the court will one day re-examine its existing rule. He believes that the accusing testimony of an accomplice, especially one whom the Government may favor because of his testimony, is so inherently suspect that its corroboration should be required.