PEOPLE OF the TERRITORY OF
GUAM, Plaintiff–Appellee,

v.

Joseph T. GARRIDO, Defendant–
Appellant.

No. CR94–00020A.

District Court of Guam,
Appellate Division.

Feb. 16, 1995.

Haim Habib, John R. White, Agaña, Guam,
for appellant.

Donald L. Paillette, Acting Atty. Gen.,
Richard P. Arens, Asst. Atty. Gen., Office of
Atty. Gen., Prosecution Div., Agaña, Guam,
for appellee.

Before: UNPINGCO, Chief Judge,
GOODWIN [1], Senior Circuit Judge, and
MUNSON,[2] District Judge.

## OPINION

UNPINGCO, Chief Judge.

Garrido appeals the judgment of conviction
issued by the Superior Court of Guam on
January 21, 1994 following a jury trial on a
six-count indictment.[3]   He now challenges

---

1. The Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

2. The Honorable Alex R. Munson, Chief Judge, United States District Court for the Northern Mariana Islands, sitting by designation.

3. The indictment charged defendant-appellant with: possession of a firearm without an identification card (as a felony); possession of an unregistered firearm (as a felony); driving under the influence of alcohol (as a misdemeanor); terrorizing (as a third degree felony); special allegation possession and use of a dangerous weapon in the commission of a felony (as a felony); and reckless conduct (as a misdemeanor).  He was convicted on all counts.

the admission at trial of evidence of an SKS rifle, and contends that he received ineffective assistance of counsel. We have jurisdiction to review the judgment. 48 U.S.C. § 1424–3. For the reasons which follow, we AFFIRM.

■ At approximately 4:00 a.m. on August 22, 1993, a vehicle with a defective headlight and loud muffler operated by Garrido southbound on Route 1 in Agat, Guam, was stopped by a Guam Police officer for speeding. Garrido was suspected of driving under the influence of alcohol and failed the three field sobriety tests administered. He was arrested and his vehicle was impounded. Another officer then performed an inventory search of the vehicle, during the course of which he discovered an SKS rifle on the deck almost directly behind the bench seat. Before trial, defense counsel did not move the court *in limine* to exclude the rifle, testimony that the rifle was found in defendant's vehicle or photographs depicting the rifle as found in the vehicle.[4] At trial, the prosecution introduced the SKS rifle, testimony from police officer Kenneth Espinosa that he found the rifle in defendant's truck subsequent to the arrest, and a photograph of the rifle as found in the truck without any objection from defense counsel. (Tr. II pp. 89–91) Defense counsel did not move for acquittal or for a new trial. The admission of this evidence is reviewed for plain error. *U.S. v. Khan*, 993 F.2d 1368, 1376 (9th Cir.1993); *Barba–Reyes v. U.S.*, 387 F.2d 91, 93 (9th Cir.1967).

■ As Guam correctly points out, Garrido waived objection to the admission of this evidence by failing to raise it in a pretrial motion, or to show good cause to raise it untimely. *See* 8 Guam Code Annotated §§ 65.15 and 65.45; *Guam v. Grajo*, No. 86–00002, 1987 WL 109393 (D.Guam App.Div. 1987) (waiver where objection was not brought prior to trial).[5] Garrido has not addressed, or satisfied, the requirement of good cause.

■ Garrido also contends that he was denied his right to effective assistance of counsel because his attorney did not move to suppress this evidence or object to its admission at trial. 48 U.S.C. § 1421b(g). Garrido must show that his attorney made errors so serious that counsel failed to provide assistance guaranteed by the Sixth Amendment and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *U.S. v. Horodner*, 993 F.2d 191, 194 (9th Cir.1993). The record does not show a *Strickland* violation.

For the foregoing reasons, the judgment below is AFFIRMED.

---

4. The Government moved the Court *in limine* to admit the testimony of Jeffrey John Cruz, Garrido's confederate, that on August 20, 1993, he and Garrido planned to rob a foreign exchange with an SKS and a .38 caliber pistol. The motion was heard at trial. Defense counsel objected on the grounds that the evidence would be more prejudicial than probative, since there was no .38 or .357 in this case. The objection was overruled. (Tr. II pp. 126–130)

5. Because §§ 65.15 and 65.45 track Federal Rule of Criminal Procedure 12, federal cases interpreting Rule 12 also support our ruling that Garrido waived this issue on appeal. *Guam v. Yang*, 850 F.2d 507, 512, n. 8 (9th Cir.1988) (en banc). *See e.g. U.S. v. Kessee*, 992 F.2d 1001 (9th Cir.1993) (waiver where motion to suppress was brought during trial and no proper cause shown); *Khan, supra*, at 1377 (waiver of challenge to evidence where defendant's motion *in limine* did not include the evidence at issue, defendant did not request that his motion be extended to such evidence, and defendant did not make a contemporaneous objection); *U.S. v. Mitchell*, 951 F.2d 1291, 1296–97 (D.C.Cir.1991), *cert. denied*, 504 U.S. 924, 112 S.Ct. 1976, 118 L.Ed.2d 576 (1992) (waiver where pretrial motion for suppression of results from automobile search failed to raise ground that search required a warrant).