112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie Ray EVANS, Defendant-Appellant.
 No. 95-50440.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 23, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie Ray Evans appeals pro se his conviction by a jury of possession of piperinocydohexanecarbonitrate (PCC) with intent to manufacture phencyclidine (PCP), in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). We affirm.
 
 I.
 
 3
 We decline to address Evans' claim that juror misconduct fatally tainted his trial, because that contention depends upon evidence that is not in the appellate record. See United States v. Sitton, 968 F.2d 947, 960 (9th Cir.1992). If Evans wants to pursue his claim, he must do so via a 28 U.S.C. § 2255 petition for habeas corpus, not on direct appeal.
 
 II.
 
 4
 We also decline to address on direct appeal Evans' claim that his trial counsel was ineffective. Although we will review such a claim where the appellate record is sufficient to allow us to do so, see United States v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir.1995), here there is no evidence in the record indicating why Evans' trial counsel took the actions Evans alleges were ineffective. As a result, Evans' ineffective-assistance claim, like his juror-misconduct claim, must be raised via 28 U.S.C. § 2255.
 
 III.
 
 5
 Evans' claim that the evidence presented at trial was insufficient to support his conviction is without merit. First, Suiters testified at trial that he procured the component chemicals to allow Evans to manufacture PCP, and that Evans planned to cook the chemicals on the day of their arrest. Second, DEA agents witnessed Evans loading paraphrenalia related to the manufacture of PCP into the Dodge van, which Evans admitted that he owned. Third, a large amount of PCC crystals, a necessary component of PCP, was found in the automobile in which Evans was riding. Fourth, and finally, Evans himself testified at trial that he knew his van contained ether and other chemicals, that he had been convicted on several prior occasions of possessing PCP, that he was with Suiters when Suiters purchased the six cans of lye that were seized from the van, and that he knew his colleagues were en route to manufacture PCP when he and they were arrested. In light of that evidence, it is clear that a "rational trier of fact could have found the essentials elements of the crime beyond a reasonable doubt." United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1453 (9th Cir.1986).
 
 IV.
 
 6
 Evans' claim that the government's plea agreement with Suiters violated due process is also without merit. We have previously held that delaying sentence until after the cooperating witness has testified does not amount to coerced testimony. See Darden v. United States, 405 F.2d 1054, 1056 (9th Cir.1969).
 
 V.
 
 7
 Finally, the district court did not err in giving a supplemental jury instruction explaining the difference between aiding-and-abetting liability and principal liability. The jury was instructed that it could convict Evans either as a principal or as an aider and abettor. It was thus entirely appropriate for the district court to explain the difference between the two when the jury indicated that it was confused on that point.
 
 VI.
 
 8
 Evans' conviction is AFFIRMED.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3