**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-30062 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00064-BMM |
| v. | |
| CHARLES SPOTTED WOLF, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Charles Spotted Wolf appeals the denial of his motion for a judgment of

acquittal under Federal Rule of Criminal Procedure 29.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo a district court's denial of a motion for a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment of acquittal based on insufficient evidence. *See United States v. Atalig*, 502 F.3d 1063, 1066 (9th Cir. 2007). We affirm.

Spotted Wolf contends that there was insufficient evidence to support his burglary conviction under the Major Crimes Act ("MCA") because the government's case relied almost solely on the testimony of his co-defendant, Ashley Solheim. He argues that, under Montana law, a conviction cannot rest solely on the testimony of an accomplice. Spotted Wolf's reliance on state law is misplaced. *See United States v. Pluff*, 253 F.3d 490, 494 (9th Cir. 2001) ("[T]he MCA's incorporation of state law in defining and punishing crimes is limited to the applicable elements and sentencing schemes, and does not include all aspects of state law."). Under federal law, a conviction "may be based on the uncorroborated testimony of an accomplice, if the testimony is not incredible or unsubstantial on its face." *Darden v. United States*, 405 F.2d 1054, 1056 (9th Cir. 1969) (internal quotations omitted). Solheim's testimony as to Spotted Wolf's involvement in the burglary was neither incredible nor unsubstantial. Moreover, it was supported by the testimony of two other witnesses. The evidence was adequate to allow a rational trier of fact to find the elements of the crime beyond a reasonable doubt. *See United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc).

**AFFIRMED.**

17-30062