Carlos **ROA–RODRIQUEZ**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 10155.

United States Court of Appeals
Tenth Circuit.

May 21, 1969.

Rehearing Denied June 9, 1969.

John D. Murphy, Albuquerque, N. M., for appellant.

John A. Babington, Asst. U. S. Atty. (John Quinn, U. S. Atty., on the brief), for appellee.

Before WARREN L. JONES,* BREIT-ENSTEIN and HOLLOWAY, Circuit Judges.

* Of the Fifth Circuit, sitting by designation.

BREITENSTEIN, Circuit Judge.

Defendant-appellant Rodriquez was found guilty by a jury of the transportation of unlawfully imported narcotics in violation of 21 U.S.C. § 174. His appeal is grounded on the admission of evidence allegedly obtained through an illegal search.

On January 26, 1968, two inspectors of the Immigration and Naturalization Service were maintaining traffic surveillance on a through highway in Truth or Consequences, New Mexico, which is located about ninety miles north of the Mexican border. About 10:00 P.M. they observed and stopped a car which bore Arizona license plates and which was traveling north. Preliminary questioning developed that the driver, defendant Rodriquez, was a citizen of the United States. The passenger, Venega, was a Mexican national who carried a nonresident alien border crossing card which authorized him to visit in the United States for a period of 72 hours or less and in the area within 150 miles of the Mexican border. He and his companion had entered the United States at Nogales, Arizona, on the day of these occurrences. Inspector Cheadle asked Rodriquez where they were going and he said Albuquerque, which is more than 150 miles from the border. Cheadle then asked Venega to get out of the car for further questioning. Venega said that he was going to El Paso which is on the border. Meanwhile inspector Schoeman, in accordance with routine procedures, asked Rodriquez to open the trunk so that he could ascertain if an alien was concealed there. Rodriquez did so and the inspection revealed nothing but a jacket. Cheadle placed Venega under arrest for violation of his entry permit. Then Cheadle asked Rodriquez to open the trunk, ostensibly for the purpose of checking whether there were any papers indicating the intention of Venega to work in the United States contrary to the entry permit. He saw the jacket and asked whose it was. Rodriquez said that it was his. Cheadle felt of the jacket and discovered two packages which he opened. He suspected that the contents were narcotics. It later developed that the packages contained about 11 ounces of heroin. Rodriquez was arrested and the two were taken to jail where they were examined later that night by customs officers who had been summoned from El Paso.

Venega was not indicted. Rodriquez moved to suppress the evidence obtained in the search. The trial court denied the motion on the ground that the search was incidental to a lawful arrest of Venega.

This was not a border search by customs officers at a point of entry or check point. Cf. Ramirez v. United States, 5 Cir., 263 F.2d 385, and Marsh v. United States, 5 Cir., 344 F.2d 317, 324. There was no suspicious conduct by the occupants of the car at the border or otherwise and there was no hot pursuit from the border. Cf. Murgia v. United States, 9 Cir., 285 F.2d 14, and Kelly v. United States, 5 Cir., 197 F.2d 162. The immigration officers were engaged in a highway patrol and had no reason to stop the car except for their observation of the occupants and the license plates. The occupants were not previously known to the officers.

An immigration officer has authority under 8 U.S.C. § 1357(a) (3)

"within a reasonable distance from any external boundary of the United States, to * * * search for aliens any * * * conveyance, or vehicle, * * *."

■ The term "reasonable distance" as used in the statute has been defined to mean "within 100 air miles from any external boundary of the United States." 8 C.F.R. § 287.1(a) (2). The events under consideration occurred within that distance. In the circumstances the initial stop and search for aliens were proper. See Fernandez v. United States, 321 F.2d 283, 286.

The government says that the search was proper as incidental to the lawful arrest of Venega. Section 1357(a) (2),

8 U.S.C., empowers an immigration officer to arrest without a warrant

"\* \* \* any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, \* \* \*."

Nothing in the record establishes that Venega had violated the conditions of his border entry card when he was arrested. He was within 150 miles of the Mexican border and had not exceeded the 72-hour time limit. The statutory authorization for arrest without a warrant is reasonable belief by the officer that the alien is in violation of a law or regulation "made in pursuance of law regulating the admission, exclusion, or expulsion of aliens." See 8 U.S.C. § 1357(a) (2). Belief that the alien might have intended to violate a condition of his entry is not belief that at the time of arrest he is in violation. Probable cause is something more than mere suspicion. Murray v. United States, 10 Cir., 351 F.2d 330, 334. We are convinced that the arrest of Venega was unlawful.

The government's reliance on Abel v. United States, 362 U.S. 217, 231, 80 S.Ct. 683, 4 L.Ed.2d 668 is misplaced. In that case there was a lawful administrative arrest and incidental search which produced evidence of espionage by the person arrested. Here the arrest was not lawful and the authority of the officers was restricted to a search for aliens. They had no reason to suspect any narcotic violation. The search of the trunk, of the jacket belonging to Rodriquez, the United States national, and of the packages contained therein had nothing to do with the alien Venega. The immigration inspectors were justified in stopping the car but not in conducting a general search for law violations. See Plazola v. United States, 9 Cir., 291 F.2d 56, and Contreras v. United States, 9 Cir., 291 F.2d 63. The fruits of the illegal search did not justify the arrest of Rodriquez, and may not be used against him. See Henry v. United States, 361 U.S. 98, 103–104, 80 S.Ct. 168, 4 L.Ed.2d 134, and Wong Sun v. United States, 371 U.S. 471, 487–488, 83 S.Ct. 407, 9 L.Ed.2d 441.

Reversed and remanded with instructions to dismiss the indictment.