**UNITED STATES of America,
Appellee,**

v.

**Luciano Abreu MIRANDA, Appellant.**

**No. 25111.**

United States Court of Appeals,
Ninth Circuit.

April 24, 1970.

William M. Apgar (argued), San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., Shelby R. Gott, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before HAMLEY, KOELSCH and TRASK, Circuit Judges.

PER CURIAM:

Luciano Abreu Miranda appeals from his conviction, on a jury verdict, of smuggling 143 pounds of marihuana into the United States from Mexico on January 16, 1969, in violation of 21 U.S.C. § 176a.

Defendant's only point on appeal is that the trial court erred in denying his pretrial motion to suppress the marihuana seized as a result of a search of his automobile, and in thereafter receiving evidence pertaining to the marihuana.

An immigration and customs checkpoint is maintained about eighteen miles north of Oceanside, California. This checkpoint is therefore sixty or seventy miles north of the Mexican border and about one-half mile from the Pacific Ocean. On January 16, 1969, Bruce R. Stock, a border patrolman apparently operating out of that checkpoint, stopped defendant in his 1968 Chevrolet automobile on Interstate 5, not far from the checkpoint. Stock was searching for aliens not lawfully admitted into the United States.

Stock questioned defendant and the latter presented a form I–151, identifying himself as a lawfully-immigrated alien. For the purpose of determining whether an alien was hidden under the hood of the automobile, Stock requested Miranda to open the hood. Miranda appeared nervous; his hand shook violently as he was taking the key out of the ignition and trying to open the hood. Under the hood Stock found no aliens, but he did find twenty-four bricks of marihuana in the fender wells. Stock then searched other parts of the car, including the area behind the back seat rest and under the rear seat cushion. He found forty-one more bricks of marihuana in these places.

Under 8 U.S.C. § 1357(a) (3) a properly authorized officer of the Immigration and Naturalization Service, such as Stock, is empowered, without a warrant, to board and search any vehicle for aliens "within a reasonable distance from any external boundary of the United States * * *." According to the applicable regulation, the term "reasonable distance" means within one hundred air miles from any external boundary of the United States or any shorter distance which may be fixed by the district director. 8 C.F.R. § 287.1(a) (2). This regulation, and the statute upon which it is based, 8 U.S.C. § 1357, are not unconstitutional *per se*, or as applied in this case. Fernandez v. United States, 321 F.2d 283, 285–286 (9th Cir. 1963). *See also*, Barba-Reyes v. United States, 387 F.2d 91, 92–93 (9th Cir. 1967).

Thus the search here in question was made within a reasonable distance of both the American-Mexican boundary and the Pacific Ocean seashore boundary. This gave Stock authority under 8 U.S.C. § 1357 to search defendant's automobile without a warrant to determine if aliens were hidden therein. It was only after the car had been lawfully stopped and the hood lawfully opened for this purpose that Stock detected the marihuana. *See* Barba-Reyes v. United States, *supra*, at 93.

However, Miranda argues, in effect, that since Stock testified that the air filter on the carburetor in a 1968 Chevrolet and the hood approximately meet and that there are only a few inches between the radiator and the top of the hood, it is inconceivable that Stock was searching for aliens under the hood. Stock testified that, in the past, he had found aliens under the hood of a vehicle and that he was searching for aliens on this occasion. In our opinion, the circumstances to which Miranda calls attention did not require the district court to disbelieve Stock.

Because we hold that Stock legally found a substantial quantity of marihuana under the hood, we need not deter-

mine the legality of Stock's search of other parts of the automobile, and the resulting seizure of additional marihuana. The quantity of marihuana found under the hood was sufficient to support the conviction, and the suppression of the remaining marihuana would not have weakened the Government's case against Miranda.

Affirmed.