Manuel VALENZUELA-GARCIA,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24789.

United States Court of Appeals,
Ninth Circuit.

April 30, 1970.

S. James Chapman, El Cajon, Cal., Manuel Valenzuela-Garcia, El Centro, Cal., for appellant.

Harry D. Steward, U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before ELY and KILKENNY, Circuit Judges, and BYRNE,* District Judge.

BYRNE, District Judge:

Appellant Valenzuela-Garcia was convicted, in a trial without a jury, on both counts of a two-count indictment, of smuggling and concealing marijuana in violation of 21 U.S.C. § 176a2 and of concealing and facilitating the transportation and concealment of marijuana in violation of 21 U.S.C. § 176a.

The sole question presented on appeal is whether the trial court erred in finding that probable cause existed for lawful warrantless search behind the fender panels in the trunk of appellant's auto when that vehicle was inspected at an alien checkpoint 48 miles from the Mexican border.

After staying overnight in Mexicali, Mexico, the appellant crossed the border where he displayed his immigration papers and opened the trunk of his car for inspection. No effort was made to detain appellant at that point.

Later, while driving north on Highway 111 in Imperial County, Valenzuela-Garcia was stopped by a United States Immigration Service inspector who asked him about his citizenship. Valenzuela produced an I–151 alien registration card.

* Honorable William M. Byrne, United States Senior District Judge, Central District of California, sitting by designation.

Noting that the appellant appeared nervous, the inspector asked appellant to open his car trunk for inspection. Finding a spare tire, a few packages of meat and some tools, the inspector also observed that the trunk floor was dusty but the interior side panels "were clean or had been moved".

The inspector then leaned over the car's side and put one hand on a trunk panel and the other on the outside shell of the car in order "to see if there was any space between the two where something could be put".

After determining that there was a six or eight-inch gap behind the panel, the inspector moved the partition and placed his hand into the space. He then felt packages concealed in the gap. The panel was removed, the marijuana disclosed, and Valenzuela-Garcia was placed under arrest.

In a hearing on Valenzuela-Garcia's motion to suppress the contraband evidence pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, the Immigration inspector was asked: "Did you fathom or conceive at that time (on the highway) that an alien might be concealed in a six to eight-inch gap?"

He answered: "No, sir."

Question: "Then what authorization did you have to conduct this type of search in this side part of the paneling of the car?"

Answer: "Well, sir, to me, it was obvious or apparent that he was nervous for some reason and apparently I was close to it, so I looked behind the panel."

Question: "So you assumed that because the defendant was nervous that this is (sic) your only justification for

pulling down the side paneling inside the trunk of the car; is that correct?"

Answer: "Other than the appearance of the panel, yes, sir."

The trial judge denied the motion to suppress. Rejecting appellant's reliance on Contreras v. United States, 291 F.2d 63 (C.A.9), the trial court attempted to distinguish that case from the instant proceeding on the grounds that in the former "the only suspicious circumstance noted by the inspector was a paper sack on the front seat of the automobile covered by a jacket and bedspread." Accordingly, the trial court overruled appellant's objection to the introduction of the contraband evidence.

■ It is well established that "border searches" do not require a finding of "probable cause". Bloomer v. United States, 409 F.2d 869, 871 (C.A. 9 1969). In Alexander v. United States, 362 F.2d 379 (C.A.9 1966) this court set down a test for determining whether a search not made in the immediate vicinity of the border was nevertheless a border search.[1]

■ Contrasted with the facts in *Bloomer, supra,* Valenzuela-Garcia was not under constant surveillance from the time he crossed the international border. Furthermore, he traveled a relatively great distance from the border before being stopped. Under the test of *Alexander,* we agree with the trial judge that the investigation in our case was *not* a "border search".

Long ago in Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543 (1925), the Supreme Court held:

Probable cause exists where the facts and circumstances within (an officer's) knowledge and of which (he) had reasonable trustworthy informa-

---

1. "Where * * * a search for contraband by Customs officers is not made at or in the immediate vicinity of the point of international border crossing, the legality of the search must be tested by a determination whether the totality of the surrounding circumstances, including the time and distance elapsed as well as the manner and the extent of surveillance, are

such as to convince the fact finder with reasonable certainty that any contraband which might be found in or on the vehicle at the time of search was aboard the vehicle at the time of entry into the jurisdiction of the United States. Any search by Customs officials which meets this test is properly called a 'border search'."

tion (are) sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been committed or is being committed.

█ The facts of appellant's nervousness and the lack of dust on the trunk panels are not sufficient as probable cause in our opinion. The circumstances are too equivocal, too available for reasonable interpretations other than the belief that an offense was being committed.[2]

In the absence of probable cause, the behind-the-panel search cannot be justified as having been performed in the act of looking for aliens.

*Contreras, supra,* controls here. In that case an Immigration inspector made a routine check for "illegal aliens" at a checkpoint about 72 miles north of the border. Spotting a paper sack in the detained auto, the inspector peered into the bag and saw a stash of marijuana. In view of the fact that the car was stopped for the purpose of checking the nationality of its occupants, we saw

"no logical connection between the examination of the sack and the determination of appellants' citizenship, or the citizenship of any other occupant of the car * * * If the search cannot be justified as a reasonable means of determining the citizenship status of the car's occupants, it cannot be justified in any other way under the rubric of 'probable cause.' " *Contreras, supra.*

Similarly, this Court finds it unlikely that the inspector in our case could have maintained any reasonable belief that an alien was secreted in the six or eight-inch space between the trunk panel and the car wall. Other courts have reached like conclusions under similar circumstances.[3]

We hold that the District Court was in error in finding probable cause for the search conducted behind the trunk panels of appellant's car. In the absence of probable cause we cannot sustain the search in this case as proper.

The judgment of the District Court is reversed.

---

2. Compare Fernandez v. United States, 321 F.2d 283 (CA 9 1963) in which an inspector at an immigration checkpoint many miles from the border *smelled* marijuana odors emanating from a car's engine compartment. In that case we held that there was probable cause for making a search for drugs.

3. In Roa-Rodriquez v. United States, 410 F.2d 1206 (CA 10 1969) an inspector at an immigration checkpoint 90 miles north of the border opened a car trunk which contained a jacket on the floor. Feeling the garment, the inspector discovered two packages of heroin in the jacket. The

Court of Appeals held that "the search * * * of the jacket belonging to Rodriquez, the U. S. national * * * had nothing to do with the alien Venega (fellow passenger)" The conviction was reversed; in United States v. Winer, 294 F.Supp. 731, 734 (W.D.Tex.1969) the court denied a conviction based on the introduction of contraband evidence taken from under the seat of a small automobile during an immigration check. The court held that it was unreasonable for the inspector to look under the seat for aliens; see United States v. Hortze, 179 F.Supp. 913 (S.D.Cal.1959) in accord.