**Frank Thomas FUMAGALLI, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 25227.**

United States Court of Appeals,
Ninth Circuit.

Aug. 3, 1970.

Martin Malone, San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., Joseph A. Milchen, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before MERRILL and HUFSTED-LER, Circuit Judges, and BYRNE, District Judge *.

BYRNE, District Judge:

Appellant Frank Fumagalli has asked this Court to reverse his conviction, imposed in a trial without jury, for violating 18 U.S.C. § 545. Fumagalli and three other persons were charged by Information [1] with smuggling marihuana, benzedrine, and dexedrine tablets into the United States. They were arrested by Border Patrol inspectors after a package of marihuana was discovered in the trunk of the car in which they were riding.

The circumstances of the search of the trunk and the seizure of the marihuana form the factual material on which rests the sole question in this case: did the trial court err in admitting the marihuana and other drugs into evidence against the appellant?

For reasons set forth in this opinion, we find that no error was committed by the District Court.

One evening in March, 1969, Fumagalli and the other defendants entered an immigration checkpoint regularly maintained by the Border Patrol at the intersection of Highways 78 and 86 in Imperial County, California. This location was about 49 miles north of the international boundary between the United States and Mexico. Inspector John Camp told the occupants that he was conducting an immigration inspection and inquired about their citizenship. All three answered that they were citizens of the United States. Camp then asked the driver to open the car's trunk. With the trunk open, Camp observed a military duffel bag lying on the trunk floor and what appeared to be "a corner of a brick or package of marihuana pro-truding out of the partially opened mouth of the bag". Camp was leaning in the trunk and detected the odor of marihuana at about the same time he observed the package protruding from the bag. Camp then removed a portion of a marihuana kilo from the duffel bag and placed Fumagalli and another defendant under arrest.[2]

After hearings on the defendants' motions to suppress introduction of the contrabrand on the grounds that the search and seizure were illegal, the District Court concluded that (1) the trunk opening was a valid search pursuant to 8 U.S.C. § 1357(a); (2) Section 1357(a) is not unconstitutional; and (3) both the detection of marihuana odor and the sighting of a package of the substance constituted probable cause for Inspector Camp to search for and seize the contrabrand, to arrest Fumagalli and his companions, and to search their persons and the rest of the auto.

On appeal, Fumagalli contends that a Border Patrol officer may not search the trunk of an auto within the United States in an effort to locate an illegally entered alien when he has no probable cause to believe that the vehicle is carrying such a person.

First, appellant states that this Court set down rules about searches in Fernandez v. United States, 321 F.2d 283 (C.A.9 1963) and in Contreras v. United States, 291 F.2d 63 (C.A.9 1961) which, supposedly, prohibit the kind of search conducted in the present case.

In the *Contreras* case a person was stopped by a Border Patrol inspector during a routine check for "illegal aliens". After finding no aliens in the trunk of Contreras' car, the inspector noticed marihuana in a paper sack on the front seat. Holding that there was no logical connection between determin-

* Honorable William M. Byrne, United States Senior District Judge, Central District of California, sitting by designation.

1. An Information filed against appellant, Martin Cunningham, and James Anderson, superseded an earlier three-count indict-ment charging violations of 21 U.S.C. § 176a, as well as violations of 18 U.S.C. § 545.

2. One of the trio escaped into the surrounding desert and was later apprehended by local police.

ing Contreras' citizenship and investigating the contents of the sack, this Court reversed the judgment of the trial court.

With great significance to the case at bar, the *Contreras* Court also stated that the "officer was unquestionably justified in stopping the car, not, however, to search for narcotics; but to establish appellants' nationality".

Similarly, in *Fernandez, supra,* we held that the statute [3] granting Border Patrol officers authority to make reasonable searches for aliens "within a reasonable distance from an external boundary of the United States" was clearly constitutional, as

"* * * Congressional recognition of the right of the United States to protect its own boundaries against the illegal entry of aliens * * *"

Contrary to Fumagalli's claim, *Contreras* and *Fernandez* explicitly *approve* the stopping and inspection of vehicles for concealed aliens without any requirement of "*probable cause*".

Nevertheless, appellant lists a number of cases in which, according to him, this Court has required the presence of probable cause as a prerequisite to a search for aliens. Appellant has badly misstated the law in this matter.

In Cervantes v. United States, 263 F. 2d 800 (C.A.9 1959) a defendant was stopped on a public highway after the Border Patrol received an "alert" from an agent in Tijuana that Cervantes might be carrying *narcotics*. His conviction was reversed on the grounds that, in the absence of close surveillance, there was no probable cause to believe that Cervantes was smuggling narcotics.

In Renteria-Medina v. United States, 346 F.2d 853 (C.A.9 1965) after Border Patrol officers stopped a car on a routine *immigration check,* one of the passengers told an inspector that he was an addict and that the small package held in his hand contained heroin. Under those *circumstances* we held that there was ample probable cause for believing that a narcotics offense was taking place.

■ What all of these cases make clear is that probable cause is not required for an *immigration* search within approved limits [4] but is generally required to sustain the legality of a search for *contraband* in a person's automobile conducted away from the international borders. Valenzuela-Garcia v. United States, 425 F.2d 1170 (C.A.9 1970).

Appellant has confused the two rules in his attempt to graft the probable cause standards of the *narcotics* cases (*Cervantes*) onto the rules justifying immigration inspections exemplified by *Contreras, Fernandez,* and other cases cited.

■ Applying these distinct tests to the instant case, the District Court thus found that the opening of the trunk was proper as part of a routine investigation for "illegal aliens" and that probable cause to search the car was present when Inspector Camp *smelled* the marihuana odors and saw what appeared to be the corner of a brick of marihuana protruding from the mouth of the duffel bag. *Accord,* Fernandez v. United States, *supra,* and Barba-Reyes v. United States, 387 F.2d 91. We find no error in the District Court's conclusions about the legality of the search in question.

Judgment affirmed.

---

3. 8 U.S.C. § 1357.

4. Immigration Regulation 287.1, 1953 U.S. Code Congressional & Administrative News, pp. 2617–18 defines "reasonable distance" as "not exceeding 100 miles from any external boundary." Here the search not only took place well within these limits but was at an established check point.