**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ken Robert MARIN, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Manuel Eloy ROBLES–MAGALLANES, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Pedro George RIVERA, Defendant-Appellant.**

Nos. 26413, 26159 and 26160.

United States Court of Appeals, Ninth Circuit.

June 9, 1971.

87

Michael H. Walsh (argued), James P. Hagerstrom, San Diego, Cal., for appellant.

Warren P. Reese, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before KOELSCH, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

Appeal from judgments convicting appellants of unlawful transportation of marihuana. 21 U.S.C. § 176a.

The sole question is whether the seizure of the contraband in appellants' possession was improper. We hold that it was not.

The stopping of defendants' automobile and the ensuing warrantless search was valid under Section 287 of the Immigration and Nationality Act of 1952 [8 U.S.C. § 1357(a) (3)] and its implementing regulation [8 CFR § 287.1(a) (2)], for these incidents occurred no more than three miles north of the Mexican-American border, the officers were officers of the Immigration and Naturalization Service and their purpose was to ascertain whether the vehicle contained aliens not lawfully admitted into the United States. United States v. Miranda, 426 F.2d 283 (9th Cir. 1970).

The seizure of the marihuana was valid under the "plain view" rule. Ker v. California, 374 U.S. 23, 83 S.Ct.

1623, 10 L.Ed.2d 726 (1963). The search for aliens occurred late at night and Officer Feely was using a flashlight to illuminate the trunk of the automobile. From his inspection, aided by the light—which he was entitled to use [Marshall v. United States, 422 F.2d 185 (5th Cir. 1970)]—Feely concluded that there was no one in the trunk. No doubt his right to continue the search was then at an end; but at or about the very instant he reached his conclusion, and before withdrawing his head from the trunk or extinguishing the flashlight, he directed the beam into an open duffle bag on the floor and there observed a package of a type which he knew was used to pack bricks of marihuana. He was not obliged to disregard what he plainly saw.

Judgment affirmed.