Gus F. MIENKE, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 71–1240.

United States Court of Appeals, Ninth Circuit.

Sept. 30, 1971.

Rehearing En Banc Denied Feb. 4, 1972.

Rehearing Denied Feb. 7, 1972.

Browning, Circuit Judge, dissented.

J. David Franklin, San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., R. Michael Bruney, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before MERRILL, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM:

The principal question tendered in this appeal is this: Does that portion of 8 U.S.C. § 1357(a) (3) which purports to empower a United States Immigration Officer, without a warrant, and "within a reasonable distance from any external boundary of the United States, to board and search for aliens any * * * conveyance or vehicle * * *" run afoul of the search and seizure clause of the Fourth Amendment or the Due Process clause of the Fifth Amendment to the Constitution? [1]

■■ This court in numerous cases has had occasion to consider and pass upon this same question, and has consistently held, in instances where the search was made within 100 miles of the border,[2] that the answer is "no." United States v. Avey, 428 F.2d 1159 (9th Cir. 1970); United States v. Miranda, 426 F.2d 283 (9th Cir. 1970); Fernandez v. United States, 321 F.2d 283 (9th Cir. 1963).[3] Appellant's remaining points need not be discussed, since they rest upon the unsound premise that the search was unreasonable.

Affirmed.

Judge BROWNING dissents for the reasons stated in his dissent in United States v. Almeida-Sanchez, 452 F.2d 459 (9th Cir. 1971).

1. The facts are undisputed. Appellant, Mienke, was driving a large van truck in a northerly direction upon and along U. S. Highway 395, and had reached an immigration check station at Temecula, California, approximately 60 miles north of the Mexican border. There the immigration authorities stopped the vehicle for the purpose of making an inspection to ascertain whether it contained aliens. The search revealed some 32 such persons inside the van.

2. Immigration Regulation 287.1, 8 CFR § 287.1(a) (2) (1967), defines a reasonable distance, as used in 8 U.S.C. § 1357(a) (3), as "within 100 air miles from any external boundary of the United States. * * *"

3. The bellwether case in this context is Kelly v. United States, 197 F.2d 162 (5th Cir. 1952). The Fifth Circuit states, "From practically the beginning of our government the courts have repeatedly pointed out that it is only unreasonable searches and seizures that come within the constitutional interdict. And the Fourth Amendment has never been held to require that every valid search and seizure be effected under the authority of a search warrant." 197 F.2d at 164. The court there held that a search without a warrant within a reasonable distance from the border, for the sole purpose of ascertaining whether a vehicle contained aliens, was reasonable, in view of the "sovereign right of the United States to protect its own boundaries against the entry of aliens," Id.

Border searches rest upon the same foundation. As this court pointed out in Alexander v. United States, 362 F.2d 379, 381 (9th Cir. 1966), "In conferring upon Customs officers such broad authority, circumscribed only by Constitutional limitations of the Fourth Amendment, the Congress has in effect declared that a search which would be 'unreasonable' within the meaning of the Fourth Amendment, if conducted by police officers in the ordinary case, would be a reasonable search if conducted by Customs officials in lawful pursuit of unlawful imports."