**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Philip Karsten ANDERSON, Defendant-Appellant.**

**No. 72–1245.**

United States Court of Appeals,
Tenth Circuit.

Nov. 13, 1972.

Don J. Svet, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., on the brief), for plaintiff-appellee.

Lorenzo A. Chavez, and Melvin L. Robins, Albuquerque, N. M., for defendant-appellant.

Before: BARNES,* HOLLOWAY and McWILLIAMS, Circuit Judges.

PER CURIAM.

This is an appeal from defendant's one-count conviction of possession of marijuana, with intent to distribute it (21 U.S.C. § 841(a)(1)).

Prior to trial, defendant moved to suppress the evidence obtained, based upon an alleged illegal search of and seizure within his vehicle, of the marijuana; and because the road block which stopped his vehicle was unconstitutional.

Since this case was heard by this panel, there has been filed an opinion in United States v. McCormick, 468 F.2d 68 (10th Cir. 1972). We find it controlling on the principal issues presented herein, and therefore affirm the conviction.

Five alleged errors are herein charged:

1. That the stopping of vehicles on a public highway so far from the Mexican border was a denial of the right of free passage on highways.

2. There existed a lack of probable cause for arrest without a warrant.

3. Evidence obtained by the warrantless search of defendant's vehicle was not admissible.

4. Border patrol agents have no authority to search without a warrant in an attempt to find marijuana.

5. The government failed to establish by competent evidence that the search occurred within 100 air miles from the international border with Mexico.

In considering this case, we are bound (as was the Court in *McCormick, supra*), to view the facts in the light most favorable to the government. United States v. Ireland, 456 F.2d 74 (10th Cir. 1972). This we do, and compare the facts herein to the facts of *McCormick, supra.*

I. *Facts in United States v. McCormick.*

The latter case reveals that on November 30, 1971, McCormick was a passenger in a G.M.C. "van" driven by one Sanchez, which was stopped at a United States Immigration & Naturalization Border Patrol check-point, near Truth or Consequences, New Mexico, some 98 miles from the Republic of Mexico border, by border inspectors looking for aliens. Two inspectors approached the vehicle. One inspector saw a plaid bag and a large black tarpaulin within the car, and the other inspector "detected the odor of marijuana from within the vehicle." The vehicle was ordered to be taken to a siding for inspection. There an inspector entered the van to look under the tarpaulin. He saw "a plastic bean bag type chair" and when he attempted to move it, a "paper wrapped brick object" fell out. When unwrapped, this object was found to be a brick of marijuana. Further search revealed 164 bricks, or 1,400 pounds of marijuana. Both McCormick and Sanchez were arrested, and a subsequent

* Honorable Stanley N. Barnes of the Ninth Circuit, sitting by designation.

search of an airline flight bag revealed another marijuana brick.

## II. *Facts in this case.*

At 10:30 p. m., on December 10, 1971 (ten days after the McCormick arrest), defendant Anderson drove his vehicle (some kind of a "van")[1] up to the stop sign which, with red "cones", "barricaded" the highway at a United States Immigration & Naturalization Border Patrol check-point, three miles north of the city limits of Truth or Consequences, New Mexico. (This check-point was described by the Border Patrol Inspectors —and found by the trial judge—to be 98 air miles north of the Republic of Mexico border.) At this point, border inspectors were looking for aliens. The first inspector "smelled what appeared to be the odor of marijuana." The vehicle was ordered to pull over to the side for further inspection. There a second inspector, having been told the first inspector had smelled marijuana, looked into the van from outside, with a flashlight, and saw an "expended marijuana cigarette"—(a "roach")—in the ash tray of Anderson's van. The second inspector, familiar with the odor, also smelled marijuana "when the window was rolled down." He also saw a foot locker with a part of a "black plastic garbage bag" sticking out of it. This black bag is a "common container" used to transport marijuana in that area. A search of the van's contents for marijuana revealed marijuana in the foot locker, in a black suitcase, and in a white suitcase, with one package of marijuana open and spilled—some 50 pounds of marijuana in all.[2]

## III. *Stopping the vehicle.*

We consider the right of Immigration & Naturalization Border Patrol officers to stop vehicles on the highway, and, without warrants, search them for aliens, is well established (both by statute[3] and case law),[4] if "within a reasonable distance" of this country's external boundaries. United States v. McCormick, *supra*, 468 F.2d at 72.

Thus the *stopping* of appellant's vehicle was lawful if the check-point was within "a reasonable distance" from the Mexican border.[5] This Court (Roa-Rodriquez v. United States, 410 F.2d 1206 (10th Cir. 1969)), and other circuits, have held that within 100 miles is such a reasonable distance.[6]

## IV. *The vehicle search.*

The search for marijuana, though without a search warrant, under the circumstances herein existing, which created probable cause, was reasonable.

"It is well settled that a valid search of a vehicle moving on a public highway may be had without a warrant, *if probable cause for the search exists*, i. e., facts sufficient to warrant a man of reasonable caution in the belief that an offense is being committed."

---

1. "Probably" a Chevrolet.

2. When booked, the appellant wore an overcoat, in the pocket of which there was found a plastic bag containing a pipe and loose marijuana. The pipe scrapings were partially burned marijuana. The "roach" found in the ashtray was later found to contain marijuana.

3. 8 U.S.C. § 1357 authorizes an immigration officer, *without* warrant,
    (2) to board and search for aliens . . . any . . . vehicle, . .

4. Contreras v. United States, 291 F.2d 63 (9th Cir. 1961); Fernandez v. United States, 321 F.2d 283, 285 (9th Cir.

1963); Barba-Reyes v. United States, 387 F.2d 91, 92 (9th Cir. 1967); United States v. Miranda, 426 F.2d 283 (9th Cir. 1970); United States v. Avery, 428 F.2d 1159, 1164 (9th Cir. 1970); Fumagalli v. United States, 429 F.2d 1011, 1012–1013 (9th Cir. 1970).

5. Immigration Regulation 287.1; 1953 U. S.Code Congressional & Adm.News, pp. 2117–18; Fernandez v. United States, *supra;* Fumagalli v. United States, *supra.*

6. *McCormick, supra,* 468 F.2d at 72; Contreras v. United States, *supra;* Fernandez v. United States, *supra;* Roa-Rodriquez v. United States, *supra;* Barba-Reyes v. United States, *supra,* 387 F.2d at 92–93.

Fernandez v. United States, *supra,* 321 F.2d 283 at 286–287 (emphasis added) citing: Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629 (1931).

*Cf.* Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (quoted in *McCormick, supra,* 468 F.2d at 72–74, and particularly at 73); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Trusty v. Oklahoma, 360 F.2d 173 (10th Cir. 1966); Murray v. United States, 351 F.2d 330 (10th Cir. 1965) cert. denied 383 U.S. 949, 86 S.Ct. 1207, 16 L.Ed.2d 211 (1966); and Valenzuela-Garcia v. United States, 425 F.2d 1170 (9th Cir. 1970).

The facts of this case are even stronger than those in *McCormick, supra,* because here there existed not only the "plain smell" of marijuana, recognized as such by two *experienced* officers, but the seeing by one officer of the expended marijuana cigarette—the "roach"—in the ash tray within the van prior to any search. Thus, the "plain view" of narcotics existed in addition to the "plain smell".

We hold here, to paraphrase *McCormick, supra,* 468 F.2d at 74:

> "We hold that Agent Harrington had probable cause to conduct the warrantless search of the van based upon Agent Woolford's detecting of the odor of marijuana; Harrington's own plain view of the partially smoked marijuana roach; his own detection of the odor of marijuana; the 'rattled appearance' of McCormick when the search started; and Harrington's prior plain view of the black plastic garbage bag frequently used to carry marijuana in the New Mexico border area."

The evidence produced by such search was therefore admissible.[7]

### V. *Check-point.*

■ Contrary to appellant's charge that there was "no proof" that the established check-point was within 100 miles of the external boundaries of the United States, there was direct testimony of Agent Gomez (R.T. p. 97) that it had been measured by plane flights, and was 98 air miles from the border. While the trial judge, having tried several cases involving this particular check-point, was willing to take judicial notice of the distance involved, it was not necessary for him to do so, because of the foregoing *uncontradicted* testimony.

■ One other point deserves comment. The defendant was charged with the possession of marijuana with intent to distribute it. 21 U.S.C. § 841(a)(1). The defendant did not testify, nor was any evidence introduced on his behalf. The amount of marijuana discovered was approximately 50 pounds. There was testimony from the prosecution that such an amount of marijuana would enable a user thereof to roll approximately 1,000 cigarettes to the pound; a total here of 50,000 cigarettes. The implied inference that the amount of marijuana involved was not intended solely for the appellant's personal use—(if any was), was an inference which could be properly drawn by the trier of fact. Here it was.

Finding no error, the conviction of appellant is affirmed.

---

7. The record here does not disclose whether the officers of the Immigration & Naturalization Service were also designated as Customs Inspectors. Any federal district judge sitting along the Mexican border in the Fifth, Tenth and Ninth Circuits knows this is usually the case. We need not consider that possibility or probability here.

"Immigration officers and U.S. Customs Agents are not limited to investigate solely for the presence of illegal aliens."
United States v. McCormick, *supra,* at 73. *See:* Barba-Reyes v. United States, 387 F.2d 91 (9th Cir. 1967); Fumagalli v. United States, *supra.*