**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rogelio Ruben LUJAN–ROMERO,
Defendant-Appellant.**

**No. 72–1829.**

United States Court of Appeals,
Ninth Circuit.

Nov. 13, 1972.

---

* The Honorable Otto R. Skepil, Jr., United States District Judge for the District of Oregon, sitting by designation.

**684**

Kevin J. McInerney (argued), of McInerney, Milchen & Frank, San Diego, Cal., for defendant-appellant.

Lyn I. Goldberg, Asst. U. S. Atty. (argued), Stephen G. Nelson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before ELY and HUFSTEDLER, Circuit Judges, and TALBOT SMITH, District Judge.*

PER CURIAM:

Lujan-Romero was convicted of having possessed a quantity of marijuana with the intention of distributing it, a violation of 21 U.S.C. §§ 952, 960 and 963.

At a border check point, located approximately fifty-six miles north of the Mexican-American border, the appellant's automobile was stopped by agents authorized to search vehicles for concealed aliens. The trunk of the vehicle was opened and was seen to contain two foot lockers. The Government concedes that neither of the lockers was of sufficient size to conceal a human being. The Government's agents opened the lockers and discovered the marijuana in question. Lujan-Romero's motion to suppress the evidence was denied, apparently upon the basis of the Government's argument that the two lockers, if opened at their ends and joined, would have then, together, contained sufficient space to conceal an alien. We cannot accept this argument. The record discloses that the investigating agents might have quite easily, without opening the lockers pushed them apart and ascertained whether or not they were in fact joined together. Our court has held that government agents of the authority such as those here involved are authorized to search only those portions of an automobile or its contents which are reasonably susceptible of concealing aliens. *See, e.g.*, Valenzuela-Garcia v. United States, 425 F.2d 1170 (9th Cir. 1970). The motion to suppress should have been granted. The judgment of conviction is vacated, and upon remand, the indictment will be dismissed.

Reversed, with directions.

I. The Honorable Talbot Smith, United States District Judge, Detroit, Michigan, sitting by designation.