**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rigoberto TORRES–RIOS,
Defendant-Appellant.**

**No. 72–3092.**

United States Court of Appeals,
Ninth Circuit.

April 21, 1976.

Rehearing and Rehearing En Banc
Denied June 10, 1976.

Lewis A. Wenzell (argued), Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Michael E. Quinton, Asst. U. S. Atty., on the brief, Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

## OPINION

Before HAMLEY * and WALLACE, Circuit Judges, and REAL,** District Judge.

### PER CURIAM:

Torres-Rios appeals his conviction of possession with intent to distribute 435 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1). We affirm.

In the early morning of August 1, 1972, a Border Patrol agent was parked at the intersection of Interstate Highway 8 and Highway S–1 in Southern California with his headlights shining across I–8. He observed a car travelling west whose only occupant, Torres-Rios, appeared to be of Mexican descent. The agent stopped the car and questioned Torres-Rios about his citizenship. He replied that he was a Mexican citizen illegally in the United States. The agent asked Torres-Rios to open the trunk so that he could look for other illegal aliens. Torres-Rios complied and the agent found the 435 pounds of marijuana.

By Memorandum decision filed May 31, 1974, we reversed Torres-Rios' conviction. We held that the stop and search were invalid under *Almeida-Sanchez v. United States,* 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973), and that its rule was applicable to this pre-*Almeida-Sanchez* case pursuant to our decision in *United States v. Peltier,* 500 F.2d 985 (9th Cir. 1974) (en banc). However, the Supreme Court reversed our decision in *Peltier* and held that *Almeida-Sanchez* was to be applied prospec-

tively only. *United States v. Peltier,* 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975). The government then petitioned for a rehearing and we called for Torres-Rios' response. He no longer argues for the benefit of *Almeida-Sanchez* but now contends that the petition should be denied based upon *United States v. Brignoni-Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). We disagree.

Torres-Rios seeks to distinguish the Supreme Court's holding in *Almeida-Sanchez* that *searches* by roving Border Patrol agents require probable cause from its decision in *Brignoni-Ponce* that *stops* by roving Border Patrol agents require reasonable suspicion. He argues that this circuit has always required a founded suspicion to justify a stop by Border Patrol agents. He contends that *Brignoni-Ponce* therefore did not announce a new rule and the reasoning advanced in *Peltier* for not applying *Almeida-Sanchez* retroactively is not applicable here.

Torres-Rios misreads the pre-*Almeida-Sanchez* Ninth Circuit law. We had consistently held that 8 U.S.C. § 1357 and 8 C.F.R. § 287.1(a) authorize vehicle stops by Border Patrol agents to interrogate the occupants concerning their citizenship and to search for illegal aliens at fixed checkpoints, *Fumagalli v. United States,* 429 F.2d 1011 (9th Cir. 1970); *Barba-Reyes v. United States,* 387 F.2d 91 (9th Cir. 1967); *Fernandez v. United States,* 321 F.2d 283 (9th Cir. 1963), and in roving patrols, *United States v. Miranda,* 426 F.2d 283 (9th Cir. 1970); *Contreras v. United States,* 291 F.2d 63, 66 (9th Cir. 1961) (dictum). The law in the other border circuits was in accord. *Roa-Rodriquez v. United States,* 410 F.2d 1206 (10th Cir. 1969); *cf. United States v. Wright,* 476 F.2d 1027 (5th Cir.), *cert. denied,* 414 U.S. 821, 94 S.Ct. 116, 38 L.Ed.2d 53 (1973).

The rule that immigration stops can be made without founded suspicion was first

---

* Judge Hamley participated in the original decision but died prior to our consideration of the petition for rehearing.

** Honorable Manuel L. Real, United States District Judge, Central District of California, sitting by designation.

called into serious question by *Almeida-Sanchez.* See *United States v. Brignoni-Ponce,* 499 F.2d 1109, 1111 (9th Cir. 1974), *aff'd,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975) ("[s]uch stops are entirely inconsistent with the Supreme Court's opinion in *Almeida-Sanchez*"); *but see United States v. Bowman,* 487 F.2d 1229, 1231 (10th Cir. 1973) (*Almeida-Sanchez* does not challenge routine immigration stops). However, it was not until 1975 that the non-founded suspicion stops were authoritatively condemned. *United States v. Brignoni-Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). Under the *Peltier* test of excluding retroactivity where there is "reliance upon a validly enacted statute, supported by long-standing administrative regulations and continuous judicial approval," 422 U.S. at 541, 95 S.Ct. at 2319, 45 L.Ed.2d at 384, there might be a more serious question in deciding whether *Brignoni-Ponce* should be applied retroactively to the time frame following the decision in *Almeida-Sanchez.* But since the stop in this case occurred in 1972, prior to the Supreme Court decision in *Almeida-Sanchez,* we need to decide only the narrow question whether *Brignoni-Ponce* is to be applied retroactively to the period preceding *Almeida-Sanchez.*

▪ The Border Patrol agent had reasonably relied upon our pre-*Almeida-Sanchez* cases construing 8 U.S.C. § 1357 and 8 C.F.R. § 287.1(a) as providing authority to make immigration stops without a founded suspicion. *Peltier* held that good faith reliance upon our cases construing the very same statute and regulation with respect to searches without probable cause by roving Border Patrol agents would bar retroactive application of *Almeida-Sanchez* since the deterrence value of the exclusionary rule is not at stake where officers have such reasonable reliance. 422 U.S. at 542, 95 S.Ct. at 2320, 45 L.Ed.2d at 384. The reasoning in *Peltier* fully supports not giving *Brignoni-Ponce* any application to immigration stops such as the one in this case which took place before June 21, 1973, the date of the decision in *Almeida-Sanchez.* Thus the stop and search were both valid under the applicable pre-*Almeida-Sanchez* law.

▪ We need not reach Torres-Rios' other contention, that a stop based solely on his Mexican descent would constitute invidious discrimination. The record shows that Torres-Rios was stopped at 3:30 a. m., 20 miles from the border, in an area known for heavy smuggling. The stop was clearly not based solely on his Mexican descent. *See Brignoni-Ponce, supra,* 422 U.S. at 884–86, 95 S.Ct. at 2581–2582, 45 L.Ed.2d at 618–619.

The only other question raised on the original appeal dealt with the sentence imposed upon Torres-Rios. That issue is not argued by him in his response to the petition for rehearing. Even if it were, we would find no merit in the argument.

Having considered the petition for rehearing and the opposition thereto, it is ordered that the petition for rehearing is granted and, upon the authority of *United States v. Peltier,* the Memorandum filed May 31, 1974, in the above-entitled case is withdrawn and the judgment is affirmed.

AFFIRMED.