**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Karlton MORGAN, true name Stephen Anthony Garcia, Defendant-Appellant.**

**No. 78–2079.**

United States Court of Appeals, Ninth Circuit.

April 30, 1979.

Kevin J. McInerney, San Diego, Cal., for defendant-appellant.

Thomas M. Coffin, Asst. U. S. Atty. (on the brief) Michael H. Walsh, U. S. Atty., Thomas M. Coffin, Asst. U. S. Atty., (argued) San Diego, Cal., for plaintiff-appellee.

Before HUFSTEDLER and ANDERSON, Circuit Judges, and SOLOMON,* District Judge.

## J. BLAINE ANDERSON, Circuit Judge:

The defendant, Karlton Morgan, appeals from his conviction for conspiracy to import and possess heroin, and aiding and abetting the possession of heroin. We find no error justifying reversal and affirm his conviction.

At Morgan's trial, the government introduced a tape recording (and transcript) of a telephone conversation between Morgan and Gregory Kouvelis. Kouvelis had been in the custody of the Thailand National Police for two days when he made the telephone call to Morgan. At the request of American DEA agents, Kouvelis was taken to a Bangkok (Thailand) hotel room where he placed the call to Morgan, who was then in Aspen, Colorado. One of the DEA

agents who was present in the hotel room testified at trial to establish the evidentiary foundation for the admission of the tape and transcript.

On appeal, Morgan argues that the tape and transcript were improperly admitted since the government did not make an adequate showing that Kouvelis had *consented* to the taping of the conversation as required by 18 U.S.C. § 2511(1)(c).[1] We find that Morgan waived his right to raise this statutory consent issue on appeal because of his failure to make a pretrial motion for the exclusion of the tape and transcript, or to specifically object to its admission on this basis at trial.

When the DEA agent was testifying about the circumstances surrounding the taping of the telephone conversation, Morgan's trial counsel made a hearsay objection. Reporter's Transcript (R.T.) 237. After receiving permission to voir dire the DEA agent, Morgan's counsel did begin to ask questions about the alleged consent by Kouvelis. R.T. 238–240. However, at no time did Morgan's counsel move to suppress the tape and transcript, or even object, based on the questionable nature of Kouvelis' consent. In fact, prior to its admission, Morgan's counsel commented that: "[p]ersonally, the telephone call does not hurt me to that extent, really." R.T. 244. And when the court specifically asked defense counsel whether he had any objections to the admission of the tape and having it played to the jury, the only response was a request for corrections to the transcript. R.T. 245.

Morgan bases his argument on Title III of the Omnibus Crime Control and Safe Streets Act of 1968. 18 U.S.C. § 2510 *et seq.* Title III established a comprehensive scheme for the control and regulation of wiretapping and electronic surveillance. The cornerstone of this scheme is a general prohibition against the interception of any wire or oral communication (18 U.S.C.

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. Morgan mentions 47 U.S.C. § 605 in his brief. That statute does not affect the interception made in the instant case. *See United States v. Hall,* 488 F.2d 193, 195–106 (9th Cir. 1973).

§ 2515), with certain enumerated exceptions. The exception which is at issue here is provided by 18 U.S.C. § 2511, which permits the use of intercepted conversations when one of the parties to the conversation has consented to the electronic interception.

As part of this comprehensive scheme, Title III specifically provides for the procedure by which a person (such as Morgan) may challenge the legality of any such electronic interception. A motion to suppress the intercepted communications shall be made prior to the proceeding where they are to be introduced, unless the person was not aware of the grounds for the motion, or had no opportunity to make the motion.[2] 18 U.S.C. § 2518(10)(a). Failure to do so results in a waiver of the grounds for objection under F.R.Crim.P. 12(f).[3] *See United States v. Plotkin,* 550 F.2d 693, 695 (1st Cir. 1977), *cert. denied,* 434 U.S. 820, 98 S.Ct. 61, 54 L.Ed.2d 76. It is undisputed that Morgan did not move to suppress the tape and transcript of his conversation with Kouvelis prior to trial. On appeal, Morgan does not claim that he was denied an opportunity to make such a motion nor was he unaware of the grounds for making such a motion. Other courts have held that the failure to make a motion to suppress serves as a waiver of objections under Title III.[4] *Plotkin, supra,* 550 F.2d at 695; *United States v. Johnson,* 176 U.S.App.D.C. 179, 187–188, 539 F.2d 181, 189–190 (1976), *cert. denied,* 429 U.S. 1061, 97 S.Ct. 784, 50 L.Ed.2d 776 (case involved Title III, as well as the analogous District of Columbia wiretap statute); *United States v. Chiarizio,* 525 F.2d 289, 293 (2d Cir. 1975); *United States v. John,* 508 F.2d 1134, 1140 (8th Cir. 1975), *cert. denied,* 421 U.S. 962, 95 S.Ct. 1948, 44 L.Ed.2d 448; *United States v. Sisca,* 503 F.2d 1337, 1346–1349 (2d Cir. 1974), *cert. denied,* 419 U.S. 1008, 95 S.Ct. 328, 42 L.Ed.2d 283. This rule is consistent with the general procedural sequence contemplated by the Federal Rules of Criminal Procedure. *See* F.R. Crim.P. 12(b).

In spite of our finding of waiver, it is within the sound discretion of this court to notice Morgan's claim of error if it rises to the level of *plain error* contemplated by

2. 18 U.S.C. § 2518(10)(a) provides as follows:
"Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or a political subdivision thereof, may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that—
(i) the communication was unlawfully intercepted;
(ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or
(iii) the interception was not made in conformity with the order of authorization or approval.
Such motion shall be made before the trial, hearing, or proceeding unless there was no opportunity to make such motion or the person was not aware of the grounds of the motion. If the motion is granted, the contents of the intercepted wire or oral communication, or evidence derived therefrom, shall be treated as having been obtained in violation of this chapter. The judge, upon the filing of such motion by the aggrieved person, may in his discretion make available to the aggrieved person or his counsel for inspection such portions of the intercepted communication or evidence derived there-from as the judge determines to be in the interests of justice."

3. The purpose behind the rule was explained in *United States v. Johnson,* 176 U.S.App.D.C. 179, 539 F.2d 181 (1976), *cert. denied,* 429 U.S. 1061, 97 S.Ct. 784, 50 L.Ed.2d 776, where the court said:
"The obvious reason for this is to allow final resolution of the question of admissibility before undertaking the costs in time and energy which accompany a trial. It is clearly a reasonable requirement, infringing no constitutionally protected interest, since it makes exception for those instances where a party lacks a realistic opportunity to raise an objection in a timely manner."
176 U.S.App.D.C. at 187–188, 539 F.2d at 189–190.

4. While this court has not faced this same question under Title III, the result reached in the present case is consistent with our cases which have been decided under the general provisions of the Federal Rules of Criminal Procedure. *See United States v. Wood,* 550 F.2d 435, 439 (9th Cir. 1976); *United States v. Palmateer,* 469 F.2d 273, 274 (9th Cir. 1972); *United States v. Johnson,* 469 F.2d 281, 283 (9th Cir. 1972); and *Bouchard v. United States,* 344 F.2d 872, 875 (9th Cir. 1965).

F.R.Crim.P. 52(b). In view of what Morgan concedes as the overwhelming evidence against him, we have no difficulty in concluding that the admission of the tape and transcript of the telephone conversation was not *plain error. See United States v. Segna,* 555 F.2d 226, 231 (9th Cir. 1977); *United States v. Wysong,* 528 F.2d 345, 347–348 (9th Cir. 1976); *Billeci v. United States,* 290 F.2d 628 (9th Cir. 1961).

We conclude that Morgan waived his right to raise the statutory consent issue on appeal.[5] The conviction of Morgan is therefore AFFIRMED.

5. Morgan's appellate counsel was not his trial counsel.